**BENTZ, Plaintiff-Appellee, v. BENTZ, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

No. 5892.   Decided June 17, 1958.

Charles J. Chastang, Columbus, for plaintiff-appellee.
Clayton W. Rose, Jr., John J. Chester, Jr., Columbus, for defendant-appellant.

### OPINION

Per CURIAM.

This cause came on to be heard on the motion of plaintiff, appellee herein, filed on March 28, 1958, which is as follows:

"Now comes plaintiff-appellee and through her counsel, Charles J. Chastang respectfully moves the Court for an order striking the purported bill of exceptions filed herein on March 6, 1958, from the file and thereupon to affirm the orders and judgment of the trial court."

Appellee sets up in her brief four steps which, she claims, are necessary to satisfy the statutory obligations set forth in §§2321.05 to 2321.12 inclusive, R. C., relative to a bill of exceptions. Appellee urges that Point No. 3 was not complied with and asks that the bill of exceptions be stricken from the file and that the court affirm the orders and judgment of the trial court.

Point No. 3, as set out on Page 2 of appellee's brief, reads as follows: "3. Appellant was required to file the bill of exceptions as allowed and signed by the trial judge in the trial court."

The bill of exceptions, as shown on Page 1465 thereof, bears the following certificate of the trial judge:

"And thereupon, on the 18 day of February, 1958, the Defendant filed this his Bill of Exceptions herein.

"And thereupon the Clerk of said Court having notified the Plaintiff of the filing of this Bill of Exceptions and no objection or amendment to said Bill of Exceptions having been filed by said Plaintiff, said Court did on the 28 day of February, A. D., 1958, certify that the foregoing was all of the evidence offered, introduced and admitted on behalf of the Plaintiff and on behalf of the Defendant on this trial of this cause, and did allow, sign and seal this Bill of Exceptions as provided by the statute, all of which is accordingly done as of said January Term A. D. 1958 of said Court.

"/s/ FOGLE

JUDGE"

In connection with this certificate, it might be well to consider §2321.07 R. C., which reads as follows:

"The trial judge, upon the receipt of a bill of exceptions, shall indorse thereon the date it was received, and within five days thereafter correct it, if necessary, allow and sign such bill, and immediately transmit it to the office of the clerk of the court from whom it was received, with any amendment or objections thereto."

The notice of appeal in this case was filed by defendant, appellant herein, on January 21, 1958. The bill of exceptions was filed in the Court of Common Pleas on February 18, 1958; was allowed on February 28 ten days later; and bears the stamp mark as being filed in the Court of Appeals on March 6, 1958.

It is our opinion that in view of the statutory procedure set forth in §2321.07 R. C., making it the duty of the trial judge after signing a bill of exceptions to immediately transmit it to the office of the clerk of the court from whom it was received, with any amendments or objections thereto, the failure of the bill of exceptions to positively show a restamping or refiling of the bill of exceptions does not warrant this court in sustaining the motion filed herein. It is plain that the procedures for getting a correct bill of exceptions signed and allowed have been followed, and no ministerial duty which might devolve upon the clerk with reference to stamping the bill of exceptions again after it had been signed and allowed should deprive the appellant of his day in court.

This position is strengthened when we consider §2505.04 R. C., which provides in part, that no step required to be taken subsequent to the perfection of the appeal is jurisdictional and, further, that an appeal is perfected when written notice of appeal is filed with the lower court.

The motion will, therefore, be overruled in its entirety.

Motion overruled.

PETREE, PJ, BRYANT and MILLER, JJ, concur.